```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 09-60048-CIV-ZLOCH
```

LEOR EXPLORATION & PRODUCTION
LLC, et al.,

      Plaintiffs,

vs.                                    **FINAL ORDER OF DISMISSAL**

GUMA AGUIAR,

      Defendant.
_____/

      THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the Complaint (DE 1) filed herein and notes that the Court's jurisdiction in this matter is premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332 (2006).

      Section 1332 provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States."  The dictates of § 1332, keep the federal courts moored to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution.  As Justice Stone stated in reference to § 1332 in <u>Healy v. Ratta</u>, 292 U.S. 263, 270 (1934), "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

      These dictates stem from the fact that federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the

parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005)(citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 10 (1799)). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see, e.g., 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3602 (2d Ed. 1984 & Supp. 2008).

A review of the Amended Complaint (DE 3) (hereinafter "Complaint") filed herein reveals that the requisite diversity of citizenship as to Plaintiffs and Defendants is not apparent on its face. The Complaint states:

> 5. Plaintiff Leor is a limited liability company duly organized and existing under the laws of Delaware. All of Leor's direct and remote equity owners are residents of New York.
>
> 6. Plaintiff Pardus LLC is a limited liability company duly organized and existing under the laws of Delaware. All of Pardus LLC's direct and remote equity owners are residents of New York.
>
> 7. Plaintiff Pardus LP is a limited partnership duly organized and existing under the laws of Delaware. Its general partner is Pardus LLC, and its limited partners are the Trusts, whose trustee is William Natbony, a resident of New York.
>
> 8. Defendant Aguiar is a resident of Florida and the former chief executive officer of Leor.

DE 1.

The Complaint fails to sufficiently allege Defendant's citizenship for the Court to determine whether it has jurisdiction over the above-styled cause. See Nadler v. Am. Motors Sales Corp.,

764 F.2d 409, 413 (5th Cir. 1985); <u>Rice v. Office of Servicemembers' Group Life Ins.</u>, 260 F.3d 1240, 1245 (10th Cir. 2001). Residency is not the equivalent of citizenship for diversity purposes. <u>See</u> 13B Wright, Miller & Cooper, <u>Federal Practice and Procedure</u>, § 3611 (2d ed. 1984 & Supp. 2008). Thus, the allegation that Defendant Guma Aguiar is a resident of Florida, is insufficient to establish his citizenship. <u>Id.</u> Therefore, because Plaintiffs have failed to allege the diversity of citizenship for all of the named Parties they have not met the initial burden of establishing this Court's jurisdiction over the above-styled cause.

In dismissing the above-styled cause due to Plaintiffs' failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds. But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds. Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

<u>Smoot v. Mazda Motors of Am., Inc.</u>, 469 F.3d 675, 678 (7th Cir.

2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **DISMISSED** without prejudice in that the Court lacks subject matter jurisdiction over the same; and

2. To the extent not otherwise disposed of herein, all pending Motions be and the same are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___26th___ day of January, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record